Thank you. Madam Clerk, please call the next case. Nguyen V. South Commons v. Nguyen Mr. Callan, you may proceed. This is a forcible entry detainer case. You might say a forcible entry detainer case on steroids. The lease was signed in May 1st, 2007 for a five year period. It was a commercial lease for a property in Naperville, Illinois. The tenant had a nail salon in the property that she was leasing. The five day notice was filed on October 6th and the suit was filed October 10th, 2010. The trial in this case took a year, on and off for a year. There was a lot of documents, a lot of back and forth on documents and adding things up, that type of thing. The defendant claimed that she didn't owe any rent on the five day notice. She relied on the affirmative defenses that you don't have to file a pleading as a defendant in a forcible case. She relied on the fact that there was no amounts due at the time of the rent. She did not say she made payments. She said that she didn't breach the lease. The lease was not breached by her. She relied on a number of credits that there was evidence of throughout the court with all the documentation. The trial judge, at the end of the trial, after a year, I think it started in October of 2010 and ended in 2011. In any event, the trial court at the end of the trial, after hearing all the evidence, cut the Gordian knot and said, I find that there was no rent due at the time of the five day notice. And that was it. And in the plaintiff, the defendant's case, they set out nine areas that she was entitled, they claimed, were credits. We're saying that the trial judge, Judge Carney, ruled against the manifest way of the evidence on some of the issues and contrary to the law on some of the other nine points that are alleged in the closing argument, written closing argument, also here in the appellate court, the same nine points are relied on. The first point is easy. We concede that there was an overbilling on the five day notice of $2,889.56. So that's really not an issue. Mr. Calendari, don't we have a jurisdictional question? Do you want me to address that, Judge? I was not going to address that until I do so on rebuttal. But if you would like me to address it now, I will. I would. Does everybody want to address the jurisdictional question? Great, I'd love to address it. If we have no jurisdiction, I'll go home. You might as well go home. You're right, Judge. I'll address the jurisdictional issue right now. I addressed that in my brief. The case was decided in November of 2012. And before the 30 day notice, time had elapsed. The defendant filed a motion for attorney's fees. And that motion for attorney's fees was eventually heard over the next six or eight months. It was finally determined in May of 2012. Judge Kearney found that the post-trial motion for attorney's fees, excuse me, I mischaracterized what Judge Kearney said. He found that the motion was not a post-trial motion. And it was ancillary to the pleadings. I am suggesting to this court that that is flat out wrong. And I cite the cases that I cited for you in there on the Servio case, the Kuntz case, the Supreme Court case of Marsh, and the Penitent Realty case. Here's the issue. The crux of the matter. Get right to the point. Some motions for attorney's fees are not post-trial motions. Those are the type of motions for attorney's fees that are part of a statute. For example, in the Marsh case, I believe, it was a consumer fraud and deceptive practice act that the prevailing party asked for attorney's fees. And filed a motion for attorney's fees. That did not stop the running of the 30 day notice on a motion for a new trial because the court said it is ancillary to the main case. In other words, a motion for attorney's fees is by statute, not by the agreement or writings or pleadings of the parties. So it's separate apart from the actual case. Now, my position is strengthened by the Marsh case, which said that the Marsh case is an Illinois Supreme Court case, and cited the Bidet case for the proposition that if a motion for attorney's fees is part and parcel of the pleadings, then it is a post-trial motion. The Bidet case said specifically they filed a post-trial motion based on the mortgage agreement, which is provided for attorney's fees. In this case, we have a lease that provides for attorney's fees. And the lease is, excuse me, let me back up. Attorney's fees are derivative of that lease. It's not a separate statute that they're seeking attorney's fees under, like a 611 or Rule 237 petition. It is part and parcel of the pleadings. Therefore, it is a post-trial motion. And by brief, I've cited cases to support that. I've just mentioned them. And I'm relatively confident that this court does have jurisdiction based on the fact, well, look at it this way. Suppose Judge Carney is right. And I believe that Mr. McQuillan will advocate that Judge Carney is absolutely right. You lose, you're out. Well, his petition for deciding the attorney's fees was not decided until over a year after the final decision. So if Judge Carney is going to have jurisdiction over attorney's fees, I'm submitting to this court he has to have jurisdiction over the lease. So if you say it's ancillary to the lease, you are out of luck because you filed too late for your attorney's fees. Because the time to appeal the lease lapsed after 30 days. But if, in fact, that motion for attorney's fees pursuant to the lease is a post-trial motion, which I'm submitting most definitely it is, then, of course, the post-trial motion is, this court does have jurisdiction because the motion of appeal is filed within one day after the last ruling on the final motion for attorney's fees. What about the requirement that a post-trial motion has to be directed against the judge? Well, it is, Judge. The lease says there's nothing to do with there's no rent due on the lease. Only the lease is the only thing that provides for attorney's fees. Without the lease, there is no attorney's fees, so it's increasing the judgment on the lease. You get no rent, plus you get attorney's fees pursuant to the lease. So I'm submitting that it's quite clear in the case law that I've provided here, that the post-trial motion is, it is a post-trial, the attorney's fees is a post-trial motion. I was under the impression that against the judgment meant that you were contesting the judgment that the court had entered. I'm contesting the judgment the court entered in terms of finding there was no rent due and the finding of the attorney's fees. I'm contesting both things, both issues. But when she filed for fees, she wasn't contesting the trial court's judgment. She was asking that the trial judgment be enhanced to give her more to modify that judgment. The judgment has to do with the lease and no rent due. Now I want more. I want attorney's fees also. Oddly enough, this gets into another point, they didn't ask to be restored to possession of the property. They wanted to enhance the judgment for attorney's fees pursuant to that lease. Okay, before you go there, do you have a case that says what you just argued? I cited the Benet case in my brief, and that was a mortgage foreclosure. And the fees for the mortgage foreclosure was provided for in the mortgage document. I'm saying the fees are provided in the lease document, which is basically no distinction between the lease document and a mortgage document. Those are the documents that provide the fees. Not a separate statute like in the Consumer Justice Practice Act or Rule 237 motion, which is separate apart from the pleadings in general. I'm submitting it's quite clear if you read the Marsh case, which cites the Benet case, and the Servio case also cites both of those cases for that effect. If the attorney's fees are part and parcel of the pleadings, and they are because the lease is one of the exhibits, that's part of the pleading, that there are no fees unless there's a lease. I'm running out of time. Is there any other questions on jurisdiction? No. I'm confident there's jurisdiction here, but I don't have a black robe, so it's up to you guys to decide. One of the things I want to do to touch on the concerns of the attorney's fees, I'm submitting to Judge Carney was flat wrong to find that Mrs. Nugent was the prevailing party because she didn't owe any rent. And I imagine, oddly enough, she didn't ask for possession back. The hallmark of a forcible case is possession. Rent claim may, and it's discretionary, be added to that. But my client received possession as a result of filing a forceful case. On June the 14th of 2011, I believe, he was given an order. The court entered an order giving my client possession. They're going to argue, well, it was voluntary. We just gave it up and we walked out. It doesn't matter. He got possession of the property pursuant to filing a forcible entry case. He didn't get it because he didn't file a forcible entry case. So I'm submitting that my client prevailed on a significant issue for attorney's fees and is, in fact, I'm saying the prevailing party. Now, there are case law, and I've cited them in my brief, that says you don't have to prevail on all the issues in order to be a prevailing party. There's also case law that I cited in my brief that says that if both parties prevail on a significant issue, then it's appropriate to say, well, it's King's X, like we did in the playground. It's King's X. Nobody gets anything. You're done. And I've cited cases to that effect on that issue. So I'm submitting that Judge Carney was in error by finding that she was a prevailing party and the only prevailing party. My client was a prevailing party on the issue of possession, which is the Grabberman v. Forcible case. I think I'm running out of time. I didn't read just the first issues, the first nine points. But I will say this. If you look through my response brief, I try to negate all of those points. Most significantly, I believe he was wrong on the increase of rent. There was no written modification of the rent. I believe he was wrong on claiming a security deposit as part of the contract of rent. There is nothing in the lease that allows the security deposit to be rent. I believe that Judge Carney was wrong as to the rent abatement and modifying and using parole evidence to modify a written contract. Those areas were wrong. The slippery part are the other aspects of this. Which are the gas bill, the real estate taxes, the improper management fees, the unrelated CAM, and the no invoices. Those are five of the nine areas. Those areas are judgmental where you have to rely on the manifest way to the evidence. I'm suggesting the other three are contrary to law. But if you take the ones that are against the manifest way to the evidence, and if I say for the sake of argument that's all I'm saying this for, you add them up and subtract them from what you do on the five-day notice, you still come with an amount of rent due. And you don't have to prove the exact amount of rent due on the five-day notice, but there was rent due. That was my point on the first, that I was belaboring on the first part. But that does it for my presentation. Is there any questions? There are no questions, Mr. Fallon. Thank you. Mr. McQuillan, you may respond. Thank you. Your Honors, Mr. Callan. On the jurisdictional issue, I believe that we're both relying on the Servio case. And if one takes a look at the Servio case, which as counsel stated, does go over some of the other cases, it's clear from that case that what the touchstone is, what you look at, is the determination of whether a prevailing party is entitled to attorney fees, and if so, the calculation of those fees are determinations independent of the underlying judgment. That's what we have in this situation. And while counsel sort of gave short shrift to Judge Carney, who I pointed on my briefs to the court, was very engaged, very involved in this trial. I've got parts that I've cited in the brief where he asked questions, where he drilled down to get the issues, where he held both parties accountable for the evidence and the things that were stated. And his specific finding was, and it wasn't just she doesn't owe anything, he went through item by item, and he says, and this is the important thing, the court finds that the plaintiff did not and has not proved by a preponderance of the evidence that the defendant owed any rent, utilities, comma, common area expenses, comma, triple net taxes, comma, administrative or management fees at the time of the five-day notice, period. That's the touchstone in a forcible action. It doesn't have anything to do with possession or rent or whatever. The question is, does the defendant owe anything at the time of the five-day notice? If the defendant does not owe anything at the time of the five-day notice, you don't have a forcible action. You can't get possession. You can't tag on for rent. And what this case was about is that we were able to show, even though it's the plaintiff's burden, and what happened in this case, the appellant wants to say that, well, Judge Carney was capricious, he was biased, he was arbitrary. Judge Carney went out of his way. This took nine trial sessions for a forcible. Judge Carney ran from about 1.30 to 4.30 and beyond some days. Of those, only two hours of that was for the defendant to put her case on. Judge Carney bent over backwards to the plaintiff, allowing the plaintiff, even though they had rested on the third day, to reopen their case. Reopen their case twice. And then after plaintiff put her two hours on, two days of rebuttal. And Judge Carney clearly said, and I've cited that in the briefs to the plaintiff, you don't have what it takes to back up your claims. And part of what this case is all about is there's a legal difference between what you say you paid and what you can prove you paid. That's what this case was about. They couldn't prove it. We also showed that there were almost $30,000 of charges that should never have been made and she didn't owe anything at the time. That was his ruling as of November 18, 2010, that she didn't owe anything and he granted judgment for her. That clearly falls within Servio and the other cases. I did not come in on behalf of the defendant and did not ask for any relief, which is the other touchstone in the statute. Did not ask for any relief from that judgment. In fact, the cases are clear. If you're in there to enforce the judgment, that is clearly collateral. We were in there to enforce the judgment and to get the attorney's thesis a prevailing party. The clock started to tick on November 18, 2010. What happened was no post-trial motion got filed by the plaintiff. And I believe we have in the record that the plaintiff by now was up to his fourth attorney before Mr. Callan here, for whatever reason, decided not to file a post-trial motion or take an appeal. He gets another attorney, comes in after 30 days, files a motion and asks this court to say, oh, I want to file a late notice of appeal. Plaintiff filed a response and said, here are the reasons why not. This court denied the motion for them to file a late notice of appeal. By that time, we had filed our motion for attorney's thesis, the prevailing party, to enforce the judgment. They then came along and when Judge Carney did not grant their motion to strike the petition for the attorney's thesis, and they aren't arguing that the lease provided for the attorney's thesis. That's there. That's not an issue. They then filed a second notice of appeal on that, responded to that. This court struck it for no jurisdiction. So then they come back six months later after the judge rules on the attorney's thesis and says, okay, let's take a third bite at the apple. Let's try this again. They've clearly indicated throughout this whole process that they knew that order of November 18, 2010, was a final and appealable order. Why do you file a motion to file a late appeal unless you know that your time is run? Why do you file a notice of appeal after simply a dismissal by the trial, a denial by the trial court of a motion to strike the attorney fee petition and then try and bootstrap it back to the original one because you know your time is run and you're done? This is a case that the plaintiff has had ample opportunity. What was the date of the judgment? You said 2010? Yes. I'm sorry, November 18, 2011. I apologize. Okay. Yeah. Yeah. I'm sorry. This thing has gone on. It started in 2010. I apologize. Okay. So it was November 18, 2011, and so I believe, as you've raised some questions about this, that not only is it clear by the case law and that we are not seeking any other relief as specified in Section 2-1203, but there also is multiple evidence of waiver by the plaintiff of these arguments by the filing of these multiple notices. The first motion to appeal late, the second time they came in and said, okay, now we want to appeal back to that one. Everybody knows you can't file an appeal on a denial of a motion for attorney fees or to strike it. So I believe that on the jurisdiction issue, we're done. But even if the court finds that it has jurisdiction on this, I believe that. And in terms of there was nothing, the other thing I mentioned is there's nothing under 341 to even tell this court it has jurisdiction because they would have had a problem doing that because they couldn't state, given the timing. The other issue on this is that the standards of review we're looking at, and your auditors are well aware of that, and also on the issue of the standard of review for the prevailing party on the attorney fees, under Peloton 8 v. McGiverns 8, this was not set out by the appellate, and I apologize, I missed it in my response. It's an abuse of discretion standard as to when a court determines who the prevailing party was. And that's 873 NE 2nd 989. So we've got a situation here. And as you go through this record, one of the things is that, and I've cited the parts of the record and everything else, we have a situation where on a forcible case, we're in nine trial days, where Judge Carney, and this wasn't, I was filing motions that I've cited to bar, to stop this, to not allow rebuttal and things of that nature. Judge Carney allowed it. I believe he wanted to give plaintiff every opportunity to try and prove his case. But you'll see from the citations to the record, and Judge Carney kept saying, and even plaintiff's third counsel at the time is on the record, is acknowledging to the judge. We understand in this situation that there is a weight of evidence, a credibility issue, if we just come in saying you owe us this, but we don't have an invoice, or we don't have a check we paid it. And that's what the trial court is there for, is to review and weigh that credibility. And he came in and found that the plaintiff could not prove his case. And it's interesting, this case kept evolving and evolving, and it's still evolving, because in the reply brief of the appellate, when you look at that, you will see that what they did is they're citing to the transcript of what went on at the trial, they're making yet another argument based on spreadsheets that were in the record prepared by the plaintiff's principal, and now try and argue that again. We're here on an appeal from a trial judge who is charged with evaluating the credibility of the witnesses, the evidence, the sufficiency of the evidence, who spent nine days and multiple motion times with this, who was there, observed all the witnesses. In fact, I cited the parts of the record where he questioned the witnesses himself. And there was no prejudice or bias. I cited the parts where he questioned my client and held her to task and said, okay, if you're claiming that certain things were overcharged, you don't owe this, you need to show me the documents, you need to show me the numbers and do this. The difference is my client could do that. And what's sitting in the supplemental appendix I filed in this matter are the documents. They couldn't even produce all their invoices or all their paid checks for what they claimed to be expenses between 2007 and 2010. And then said, oh, well, really, that's not our, you know, you shouldn't hold that against us. Yet in the lease, it specifically says every year they were supposed to do an accounting, and it didn't. There are also two other grounds that did not get reached by the trial court that this can be sustained on. One is that the lease wasn't valid. And we put in there, we've shown the evidence that the only time the plaintiff followed the lease is when it suited its needs. Otherwise, it was just fair game. And there's admissions after admissions after pages in the brief of what the principle of the plaintiff admitted that they, whoops, that wasn't supposed to happen. I'm sorry. I think I got three minutes left. I thought I turned all the noise off. I apologize. Anyway, we believe that the court could also uphold the judgment because the lease obviously was not followed. There were issues we've raised about reformation, or was it simply at this time an oral lease as to what the parties. And again, the principle for the plaintiff admits, yes, I did a rent abatement. There were hard times. Then he gives stories as to why he changed it or didn't change it. And a lot of the things that they're claiming were not even put to the plaintiff until days before they served the five-day notice. They're trying to claim $3,000 to $4,000 for gas and other amounts that had never been raised before, and clearly certain things had to be done under the lease. The third thing is that this was clearly retaliatory, and that is another defense under the Forcible Entry and Detainer Act. We showed that she had never been served with a five-day notice over the years. They claimed she was in arrears. She didn't owe any money at the time of the five-day notice. The plaintiff made no attempt pursuant to the forcible statute to mitigate damages. That clearly requires them to mitigate. He was allowed by the lease to take the $5,000-some security deposit, apply that, and then say, give me another one. Didn't do it. The thing we come back to on this is the fact is if you can't show any money is owed at the time of the five-day notice, which Judge Carney showed they couldn't, you go nowhere. In fact, what happened during this, my client was driven out of business. We tendered the place back to them in January of 2011. They didn't take it, and in fact, you'll see in the brief, this is what their counsel said. We don't have to accept that as a judgment. She can leave any time she wants. That's at the record at 283. It didn't want a judgment of possession by tender. They said, we want to go through and get a judgment on this. Finally, in July, my client says, I can't pay anymore. I can't do this. You've driven me out of business. She had been paying the use and occupancy order by the court. The court said, you know, to the plaintiff, why don't you let her go? So it was agreed. There was an order entered as to what date she would be out. You have to prevail in the litigation, not outside the litigation, by driving someone out of their business to be a prevailing party. My client, because nothing was owed at the time of the five-day notice, could be the only prevailing party, because that meant that the defendant, my client, was the only prevailing party, because nothing was owed at the time of the five-day notice, and therefore the plaintiff was not entitled to bring a forcible action. Thank you. I talked. I didn't allow you time for questions. I apologize. How about the court, you know, I left my cell phone in the car. Thank you, Judge. Briefly, I am firmly convinced that this court has jurisdiction. It's interesting, Mr. McQuillan, and in the record, I recall this from reading the record, he comes in the first day he was there. He says, let's dismiss the forcible case. We'll make this a rent case. Possession is a gravamen of a forcible case. We'll let it go, and we'll have the case across the street, because there's another case pending. So, you know, so he says, this is what's really ironic, and I'm going to call him on this. As he comes up to her, he says, well, we have reformation. Contract wasn't, lease wasn't only enforced from my client's perspective, and we don't have a lease. Well, if we don't have a lease, we don't have attorney's fees. So if you come up here and you make that argument, that equitable argument that the lease is no good because it was never followed by either of the parties, you have no lease, you have no attorney's fees. So which way do you want it? So I'm suggesting that you have the lease and that the lease provides for attorney's fees, it provides for the prevailing party, we receive possession, which is the gravamen of a forcible case. Mr. McQuillan admitted that the first day he came to court. You can look at it up in the record. The nine points, I'll go through those briefly. I went through the legal ones. What they basically did here is they come and they got all of this massive amount of CDs and documents and boxes, and they basically went through all of those, and she says, well, I don't think that's a proper charge. I think that's excessive. Other than her testimony, what she thinks, there's really no connection between the numbers that she put on a written argument and the actual charges that we charge for the triple net. In fact, if you look at the triple net and exhibit the red line, the triple net goes down over the time of the lease. It's constantly going down. So it's not the same amount. It does appear to be excessive charges. Other than her review of records, she is not a professional, and she was allowed to make all of these points and be led down the primrose path to make these allocations, which I suggest are not connected up. You can read both briefs to make that determination. And even if they are not connected up, those three that are manifest way to the evidence, or five, excuse me, or six, they don't add up to the total amount of what's owed on the five-day notice. Finally, Mr. McClellan has talked about, I want to address this point quickly, while we filed a notice of appeal, it was denied, we filed another notice of appeal, it doesn't matter how many notices of appeal you file if they're a nullity. It doesn't matter. I'm submitting that the notices of appeal that were filed were a nullity prior to the one that was filed in May of last year. Because the pending motion was still pending, and this court would not have had jurisdiction then or at that particular time, no matter what we filed. So I'm suggesting that jurisdiction is clear. It's the lease that provides the jurisdiction. The lease was, I filed a motion to modify the judgment to increase the amount of their judgment by the attorney's fees. So I'm, like I say, if you read the cases that are cited in my brief, Supreme Court case, the Benet case, Servio case was, when he's talking about a Servio case, was a 2611. That was back in the old days before they had the Rule 237. That was for attorney's fees. I don't know what Judge Holdren's gun was at. In any event, that was ancillary to the pleadings. I have one minute. I don't have anything else to say. I believe I've covered everything. Any questions? I don't believe there are, Mr. Callum. Thank you. Thank you very much. Thank you, Mr. Callum, Mr. McClellan, for your arguments in this matter. It will be taken under advisement. A written disposition shall issue. The court will stand in probably now brief recess for a panel discussion. Thank you.